Dear Mr. Gravel:
I am in receipt of your recent request seeking an opinion from our office. You state in your letter that the State Board of Private Investigator Examiners has received a request under the Public Records Act to permit access to any personal or business computer, wherever situated, of any individual Board member or any Board employee. You advise that the purpose of this request is to allow copying of any electronic mail communications or other documents, which may pertain to Board business. You further advise that these computers are actually the private property of each individual Board member. These computers were purchased by the individual Board members and are maintained by individual members. You state in your request that these computers are not now, nor have they ever been situated in Board offices nor have they been utilized, supervised, or controlled by the Board, its Executive Director, or by its other employees in the conduct of Board affairs.
Our analysis of this issue begins with the question of whether such communications are public or private. Louisiana Revised Statutes 44:1
says, [P]erformance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid under the authority of the constitution or the laws of this state are `public records'.
Private communications are defined as those fairly made by a person in the discharge of some private or public duty, legal or moral. Richardsonv. Cooke, 56 So.2d 318 at 320 (1911) (emphasis added). Obviously, the courts do not consider the nature of the duty involved to be dispositive in delineating between public and private communications. Under our analysis, although some public business may be taking place via these communications, they are generally considered private under jurisprudence.
Furthermore, there appears to be a constitutional bar to monitoring these electronic communications. Article I, section 5 of the Louisiana Constitution of 1974 provides, "Every person shall be secure in his", "property", (and), "communications", "against unreasonable searches, seizures, or invasions of privacy."
The State Supreme Court has analogized electronic interception of private communications to searching an individual's house or seizing his papers and effects. State v. Reeves, 427 So.2d 403 at 404 (1983). An individual's house, papers, and effects are all protected under both the state and federal constitutions.
The fact that the state constitution extends protections of the federal constitution to specifically include communications only reinforces the position that monitoring electronic messages would be held unconstitutional. In fact, without more, such a practice would not only invade privacy rights with respect to communications, it would also invade the privacy rights of the owner(s) of the computers which were monitored under the property provision of Article I, section 5 of our constitution.
Where, however, communications rise to a level where Board members are actually conducting board business through electronic means, such communication would be considered public records, and as such, would fall within reach of the Public Records Act. Further, monitoring of such electronic communications could be considered constitutional in the presence of a warrant issued on probable cause indicating that Board business is being conducted by such communication.
In conclusion, allowing warrantless monitoring of electronic communications of individual Board members would violate Article I, section 5 of the Louisiana Constitution of 1974, as well as a consistent line of Louisiana jurisprudence dating back as far as 1911. All such communications by individual Board members or employees are private and privileged. If Board members or employees are actually conducting official business through electronic communications, these private communications then become part of the public record and are subject to production under the Public Records Act. Based on the information provided, the electronic messages in question are not public information under state law. Should you have any further questions, please do not hesitate to contact our office.
Very truly yours,
RICHARD P. IEYOUB
ATTORNEY GENERAL
BY: Charles H. Braud, Jr.
Assistant Attorney General
RPI:CHB, Jr., mjb